IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. NO. 3:18-CR-48

TERELL GRIGGS

**ORDER**

On March 21, 2023, Terell Griggs filed a pro se motion to correct his sentence pursuant to 28 U.S.C. § 3585 and Federal Rule of Criminal Procedure 36. Doc. #40. Griggs submits that he is entitled to credit for the time he spent in federal custody while waiting to be sentenced in the Northern District of Mississippi before he was transferred back to the custody of the Tennessee Department of Corrections.[1] *Id.* at PageID 177–78. The government did not respond to the motion.

This Court sentenced Griggs to thirty months imprisonment on January 9, 2019.[2] Doc. #33. During the sentencing hearing, the Court denied Griggs' request to run his federal sentence concurrent with any state sentence and made no recommendation to the Bureau of Prisons ("BOP") that he be given credit for time spent in federal custody. Doc. #37 at 25–26. It appears that Griggs has not yet begun to serve his federal sentence.[3]

"After a district court sentences a federal offender, the Attorney General, through the BOP,

---

[1] Griggs appeared in the Northern District of Mississippi under a writ commanding him to be brought from the Chester County Sheriff's Department in Henderson, Tennessee. Doc. #5.

[2] Griggs pled guilty to the one-count indictment charging him with failing to update his sex offender registration in Tennessee and failing to register as a sex offender in Mississippi. Docs. #1, #38.

[3] The BOP's website does not show Griggs to have been in the BOP's custody after the Court imposed his federal sentence on January 9, 2019. *See* Federal Bureau of Prisons, *Find An Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited August 22, 2023). Griggs' pro se motion was mailed by him from the Morgan County Correctional Complex in Wartburg, Tennessee. Doc. #40 at PageID 179; *see id.* at PageID 178 (same address indicated in Griggs' signature block).

has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Under 18 U.S.C. § 3585, the computation of a federal sentence requires the BOP to determine the commencement date of the sentence and the extent to which a defendant receives credit for time spent in custody prior to the commencement of his sentence. *See United States v. Aparicio-Leon*, 963 F.3d 470, 477 (5th Cir. 2020) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.") (cleaned up). "Federal law 'does not authorize a district court to compute the credit at sentencing.'" *Id.* (quoting *Wilson*, 503 U.S. at 334). "Instead, '[b]ecause the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.'" *Id*. (quoting Wilson, 503 U.S. at 335).

Because once Griggs begins his federal sentence the BOP will determine what credit, if any, he should receive for the time he spent in federal custody, Griggs' pro se motion to correct his sentence [40] is **DENIED**.

**SO ORDERED**, this 25th day of August, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**